## THE MARGOLIN & WEINREB LAW GROUP, LLP
Attorneys at Law
165 Eileen Way, Suite 101
Syosset, New York 11791

ALAN WEINREB, ESQ.
C. LANCE MARGOLIN, ESQ.

(516) 921-3838
FAX (516) 921-3824
www.nyfclaw.com

November 10, 2020

<u>Via ECF</u>
The Honorable Judge Dora Irizarry
United States District Court—E.D.N.Y.
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   <u>Windward Bora LLC v. Mosammat Begum, et al., 18-cv-06423-DLI-RER</u>

Dear Judge Irizarry:

We represent Windward Bora LLC ("Plaintiff") in the above-referenced action. Please accept this letter in response to Your Honor's October 21, 2020 and November 3, 2020 Orders.

### **Citizenship of Defendant Credit Corp. Solutions Inc.:**

In order for diversity of citizenship to exist, the plaintiff's citizenship must be diverse from that of all defendants. *See, e.g., St. Paul Fire and Marine Inc. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005). In general, diversity may exist between "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. §1332(a)(2).

In its October 21, 2020 Docket Entry, the Court suggested that Defendant Credit Corp. Solutions Inc. (hereinafter, "CCS") should be treated as "alien" for diversity purposes because it is a "foreign business corporation". However, "alien" and "foreign" are not synonymous. Corporations incorporated in <u>countries other than the United States</u> are referred to as "alien" corporations. *See* 13 C. WRIGHT, A. MILLER & E. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3628, at 823-29 (1975 & Supp. 1982). As such, CCS is not an "alien" for citizenship purposes.

Pursuant to 28 U.S.C. §1332(c)(1), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." CCS is **not** an "alien" for diversity purposes as a result of it being incorporated inside the United States but outside of New York State and with a principal place of business inside the United States but outside of New York State. CCS's citizenship is "foreign" to New York, but it is not an "alien". Therefore, while it may be "foreign" to New York, it is not an "alien" for the purposes of diversity.

1 | P a g e

After further investigation, Plaintiff has found that CCS is incorporated in the State of Delaware, as many corporations are. *See* annexed Entity Details from the Delaware Department of State, Division of Corporations. CCS's principal place of business is in Utah, at 121 Election Rd., Ste 200, Draper, UT 84020. See annexed Entity Details from the Utah Division of Corporations. Again, CCS is <u>not</u> an "alien". It is a Delaware and Utah citizen.

As Plaintiff is not a Delaware or Utah citizen for the purposes of diversity and CCS is not an "alien", CCS being named as a Defendant in this case does not defeat this Court's diversity jurisdiction. As such, there is no issue as to whether this Court has subject matter jurisdiction of this action.

**<u>Credit Corp. Solutions Inc. is Not an Indispensable Party</u>:**

Solely as an alternative to responding to the Court's October 21, 2020 Order, Plaintiff elected to file a Notice to Discontinue the Action against Defendant CCS. The Court struck that Notice in its November 3, 2020 Order. Based on the aforementioned discussion of CCS's citizenship in this case, in addition to Plaintiff's prior filing regarding Plaintiff's citizenship, Plaintiff maintains that it has subject matter jurisdiction. If the Court agrees with Plaintiff regarding subject matter jurisdiction, then the issue as to whether CCS is an indispensable party is moot. If the Court deems the issue regarding whether CCS is an indispensable party salient, Plaintiff will set forth why CCS is not an indispensable party to this action and dismissal is proper pursuant to FRCP 41(a)(1)(a).

N.Y. RPAPL §1311, entitled "<u>Necessary Defendants</u>", provides as follows: "Each of the following persons, whose interest is claimed to be subject and subordinate to the plaintiff's lien, shall be made a party defendant to the action:

1. Every person having an estate or interest in possession, or otherwise, in the property as tenant in fee, for life, by the courtesy, or for years, and every person entitled to the reversion, remainder, or inheritance of the real property, or of any interest therein or undivided share thereof, after the determination of a particular estate therein.
2. Every person having a right of dower or an inchoate right of dower in the real property or any part or share thereof.
3. Every person having any lien or incumbrance upon the real property which is claimed to be subject and subordinate to the lien of plaintiff."

CCS has a judgment lien subordinate to Plaintiff's Mortgage and is a necessary party defendant but not an indispensable party. The New York Courts have held that the apparent meaning of the term "necessary" notwithstanding, it is generally held that the absence of a necessary-party in a mortgage foreclosure action simply leaves that party's rights unaffected by the judgment of foreclosure and sale.[1]

---

[1] *See, Private Capital Group, LLC v. Hosseinpour*, 86 A.D.3d 554, 927 N.Y.S.2d 665 (2d dept. 2011); *Glass v. Estate of Gold*, 48 A.D.3d 746, 853 N.Y.S.2d 159 (2d. Dept. 2008); *6820 Ridge Realty LLC v. Goldman*, 263 A.D.2d 22, 701 N.Y.S.2d 69 (2d. Dept. 1999); *Nationwide Associates Brunne*, 216 A.D.2d 547, 629 2 N.Y.s.2d 769 (2d Dept. 1995); *Marine Midland Bank v. Freedom Road Realty Associates*, 203 A.D.2d 538 611 N.Y.s.2d 34 (2d Dept. 1994), *Scharaga v. Schwartzberg*, 149 A.D.2d 578, 540 N.Y.s.2d 451 (2d Dept. 1989), citing *Polish Nat'l. Alliance v. White Eagle Hall Co.*, 98 A.D.2d 400, 470 N.Y.S.2d 642 (2d Dept. 1983) *Empire Sav. Bank v. Towers Co.*, 54 A.d.2d 574,

      CCS was named as a Defendant in this action because a title search obtained by Plaintiff showed that it has a subordinate judgment against the property and/or borrower, which is subject to Plaintiff's Mortgage. As CCS is not an indispensable party, eliminating CCS as a defendant merely leaves CCS's judgment unaffected by a judgment of foreclosure and sale that may be issued in the future in this action. It is not an indispensable party to this action, merely a necessary party. The absence of a necessary party in a mortgage foreclosure action simply leaves that party's rights unaffected by the judgment of foreclosure and sale. *See Douglas v. Kohart*, 196 App. Div. 84; *Home Life Ins. Co. v. O'Sullivan*, 151 App. Div. 535.

      We thank the Court for its review of our submission.

                                          Respectfully Submitted,

                            By:    */s/Alan H. Weinreb*
                                       Alan H. Weinreb, Esq.

Enclosures
cc:    David Gerard, Esq. (via ECF), attorneys for Defendant Begum

---

387 N.Y.S.2d 138 (1976). See also *Mutual Benefit Life Ins. Co. In Mutual Benefit Life Ins. Co. in re Habilitation v. Carol Management Corp.*, 1994 US. Dist. LEXIS 14574 (S.D.N.Y.).

**Department of State: Division of Corporations**

Allowable Characters

HOME
About Agency
Secretary's Letter
Newsroom
Frequent Questions
Related Links
Contact Us
Office Location

SERVICES
Pay Taxes
File UCC's
Delaware Laws Online
Name Reservation
Entity Search
Status
Validate Certificate
Customer Service Survey

INFORMATION
Corporate Forms
Corporate Fees
UCC Forms and Fees
Taxes
Expedited Services
Service of Process
Registered Agents
GetCorporate Status
Submitting a Request
How to Form a New Business Entity
Certifications, Apostilles & Authentication of Documents

## Entity Details

**THIS IS NOT A STATEMENT OF GOOD STANDING**

| | | | |
|---|---|---|---|
| File Number: | 4998724 | Incorporation Date / Formation Date: | 7/7/2011 (mm/dd/yyyy) |
| Entity Name: | CREDIT CORP SOLUTIONS INC. | | |
| Entity Kind: | Corporation | Entity Type: | General |
| Residency: | Domestic | State: | DELAWARE |

**REGISTERED AGENT INFORMATION**

| | |
|---|---|
| Name: | CORPORATION SERVICE COMPANY |
| Address: | 251 LITTLE FALLS DRIVE |
| City: | WILMINGTON    County:    New Castle |
| State: | DE    Postal Code:    19808 |
| Phone: | 302-636-5401 |

Additional Information is available for a fee. You can retrieve Status for a fee of $10.00 or more detailed information including current franchise tax assessment, current filing history and more for a fee of $20.00.

Would you like ○ Status  ○ Status, Tax & History Information

[Submit]

[View Search Results]       [New Entity Search]

For help on a particular field click on the Field Tag to take you to the help area.

site map | privacy | about this site | contact us | translate | delaware.gov

# CREDIT CORP SOLUTIONS INC.

Update this Business

**Entity Number:** 8144373-0143
**Company Type:** Corporation - Foreign - Profit
**Address:** 121 W ELECTION RD STE 200 Draper, UT 84020
**State of Origin:** DE
**Registered Agent:** CORPORATION SERVICE COMPANY
**Registered Agent Address:**
15 WEST SOUTH TEMPLE, SUITE 600
Salt Lake City, UT 84101

View Management Team

Status: Active

Purchase Certificate of Existence

**Status:** Active  *as of 11/03/2011*
**Renew By:** 11/30/2021
**Status Description:** Current
The "Current" status represents that a renewal has been filed, within the most recent renewal period, with the Division of Corporations and Commercial Code.
**Employment Verification:** Not Registered with Verify Utah

History

View Filed Documents

**Registration Date:** 11/03/2011
**Last Renewed:** 09/10/2020

Additional Information

**NAICS Code:** 5614 **NAICS Title:** 5614-Business Support Services

<< Back to Search Results

Business Name: